```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

  CLARENCE BROWN,                      :
                                       :
       Plaintiff,                      :
                                       :
  v.                                   :   No. 3:03CV2193(DJS)
                                       :
  HANDY & HARMAN and UNITED            :
  STEELWORKERS OF AMERICA LOCAL        :
  7201,                                :
                                       :
       Defendants.                     :
```

### MEMORANDUM OF DECISION

Plaintiff, Clarence Brown, brings this action against Handy & Harman alleging various causes of action relating to the termination of his employment three months before his thirtieth year of service.  Defendant Handy & Harman has filed a motion for summary judgment (dkt. # 28) pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.  For the reasons set forth herein, Handy & Harman's motion is **GRANTED**.

### I. BACKGROUND

The factual assertions set forth in Handy & Harman's Local Rule 56(a)1 Statement (dkt. # 30) are incorporated by reference herein absent objection.  See D. Conn. L.R. Civ. 56(a)1.  The following is a summary of the relevant information.  Brown began working with Handy & Harman at its Fairfield, Connecticut precious metals fabrication plant on March 13, 1973.  His tenure as an employee ended on December 13, 2002, when his job was eliminated and he was terminated.  Brown's job was eliminated

because Handy & Harman planned to close the Fairfield plant and phase out that particular business.  Brown was part of the last group of employees to be terminated, and, when work for his position ceased, he used his seniority to "bump" into a lesser compensated maintenance position so that he could remain employed until December 13, 2002.

When Brown's employment ended, he was three months shy of reaching thirty years of service, which, had he reached this mark, would have allowed him to collect his full retirement benefit immediately rather than waiting until he reached age sixty-five.[1]  Brown alleges that Handy & Harman terminated his employment as a result of unlawful discrimination, that Handy & Harman failed to secure the pension benefits he did not receive, and failed to place him in a position that may have allowed him to reach thirty years of service.

## II. DISCUSSION

Brown asserts the following claims: (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 et seq.; (2) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and CFEPA; (3)

---

[1] Brown is still eligible to collect his pension benefits, but is not currently eligible for unreduced early retirement benefits without actuarial reduction.

negligent infliction of emotional distress; (4) breach of contract; and (5) breach of the implied covenant of good faith and fair dealing.  Handy & Harman claims that Brown has not brought forth sufficient evidence to sustain any of his claims.

### A. STANDARD

A motion for summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Summary judgment is appropriate if, after discovery, the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "The burden is on the moving party 'to demonstrate the absence of any material factual issue genuinely in dispute.'"  American Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981) (quoting Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975)).  A dispute concerning a material fact is genuine "'if evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  The court must view all

inferences and ambiguities in a light most favorable to the nonmoving party.  See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Id.

### B. BROWN'S CLAIMS

Brown lacks sufficient evidence in support of his claims.  With respect to his employment discrimination claims, there is no dispute that the adverse employment action, termination of Brown's employment, was the result of the closure of the Bridgeport factory.  Although, in his complaint, Brown alleges that other employees were allowed to remain working so that they could obtain the necessary time of service to receive full pension benefits, none of these individuals were permitted to work beyond December 13, 2002.  Brown also alleges that he was not selected in July of 2002 to work as a security guard, which was the only position potentially in existence after December 13, 2002, but he never applied for the security guard position, which was not a position covered by his bargaining unit.  Brown also alleges that he was treated poorly throughout his employment at Handy & Harman, and that he had to fight to get any benefits he received.  Brown further alleges that some other employees did not have to "bump" into a lesser paying job, as he did, in order to work through December 13, 2002, even though these employees were doing the same work Brown was doing until the plant closed.

The sum total of this evidence is not sufficient to sustain his race and age discrimination claims because it does not provide a basis to find that Handy & Harman discriminated against Brown. Brown's suspicions and beliefs are not substantiated by the evidence he offers.  Judgment must therefore enter in favor of Handy & Harman.

With respect to his negligent infliction of emotional distress claim, Brown does not allege that Handy & Harman acted unreasonably during his termination process.  Although the court is aware of the frustration Brown must have felt at losing the right to immediately collect his full pension despite twenty-nine years of good service and the imminent plant closure, Connecticut law requires unreasonable conduct during the termination process in order to sustain a cause of action for negligent infliction of emotional distress.  See Perodeau v. City of Hartford, et al., 259 Conn. 729, 762-63 (2002).  Because Brown cannot demonstrate that Handy & Harman acted unreasonably during the termination process, his claim fails.

With respect to his breach of contract and breach of the covenant of good faith and fair dealing claims, Brown has not demonstrated that Handy & Harman breached any contractual obligation, express or implied, to keep him employed beyond December 13, 2002 so that he could attain thirty years of service.  Brown alleges that, because the CBA with the Union and

Handy & Harman expired in June of 2003, the Union and Handy & Harman should have kept the factory open until June of 2003. Brown claims that the Union should have been able to negotiate a more favorable termination package with Handy & Harman.  Brown's allegations, however, do not constitute evidence that Handy & Harman breached an obligation to him; although Brown understandably protests the closure of the plant three months before he could receive his full pension early, Handy & Harman did not have a contractual obligation to Brown to allow the benefits to vest.  Judgment as a matter of law must enter in favor of Handy & Harman on these claims.

### III. CONCLUSION

For the above reasons, Handy & Harman's motion for summary judgment (dkt. # 28) is **GRANTED**.  Judgment shall enter in favor of Handy & Harman on all counts of Brown's complaint.  The Clerk of the Court shall close this file.

So ordered this 17th day of November, 2005.

**/s/DJS**
_____
**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**